**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------x
                             :
JAMES A. HARNAGE             :      Civil No. 3:15CV01035(AWT)
                             :
v.                           :
                             :
S. BARRONE, et al.           :      August 11, 2017
                             :
-----------------------------x
```

## RULING ON PENDING MOTIONS [Doc. ##75, 88, 89, 105]

Pending before the Court are four motions filed by self-represented plaintiff James Harnage ("plaintiff"), two of which seek to compel responses to plaintiff's written discovery requests. [Doc. ##88, 89]. The third motion seeks permission to serve additional interrogatories on each of the 23 remaining defendants ("motion to expand discovery").[1] [Doc. #75]. Plaintiff has filed a fourth motion seeking to "renew" his motions to compel and requesting oral argument on the motions to compel. [Doc. #105]. Defendants have filed a memorandum in opposition to

---

[1] The remaining defendants in this action are: Warden Chapdelaine, Former Warden Peter Murphy, Deputy Wardens S. Barrone and S. Frey, Captains VanOudenhave and Hall, Lieutenants Roy, Kitt, Allison and Houston, and Correction Officers Maloid, Anderson, Nolan, Taylor, Brito, Gonzalez, Vamos #1, Vamos #2, McCormack, Roy, Tyburski, Griffith, and Scott (collectively referred to as the "defendants"). Plaintiff later clarified that he seeks to serve additional interrogatories only on defendant Warden Chapdelaine. See Doc. ##83, 85.

1

plaintiff's motions to compel [Doc. #103], but have not filed an objection to plaintiff's motion to expand discovery. For the reasons articulated below, the Court: **GRANTS, in part, and DENIES, in part**, plaintiff's Motions to Compel [**Doc. ##88, 89**]; **GRANTS, in part, and DENIES, in part**, plaintiff's Motion to Expand Discovery [**Doc. #75**]; and **DENIES** plaintiff's Motion to Renew and For Oral Argument [**Doc. #105**].

<u>**BACKGROUND**</u>

Plaintiff brought this action pursuant to 42 U.S.C. §1983 alleging violation of his right to bodily privacy. <u>See generally</u> Doc. #1, Complaint. Specifically, plaintiff alleged that defendants violated his Fourth and Eighth Amendment rights by creating and enforcing a policy that prevents him from using a privacy sheet while using the toilet in his cell. <u>See generally id.</u> Plaintiff also challenged the constitutionality of this policy. <u>See generally id.</u> The claims have been narrowed substantially by a ruling on a motion to dismiss. <u>See</u> Doc. #63.

The following allegations are derived from plaintiff's Complaint. <u>See</u> Doc. #1. At the time plaintiff filed the Complaint on July 6, 2015, and at all times during the incidents alleged, plaintiff was incarcerated at the MacDougall Correctional Institution in Suffield, Connecticut (hereinafter referred to as "MacDougall"). At MacDougall, defendant Murphy implemented a policy prohibiting inmates from hanging a privacy

sheet while using the toilet.[2] Defendant Chapdelaine has maintained this policy and all other named defendants have enforced it. Only MacDougall and Walker Correctional Institutions, which are part of the same complex, have a policy prohibiting the use of privacy sheets.

On August 13, 2012, defendant Maloid enforced the policy against plaintiff. On August 17, 2012, defendant Hall, a female, enforced the policy when she threatened plaintiff with disciplinary action for using a privacy sheet.

On November 26, 2012, defendant Hall stood at plaintiff's cell door and ordered plaintiff to remove the privacy sheet, which he did while "naked" and with "fecal matter still clinging to him[.]" Doc. #1, Complaint at ¶32.

On December 5, 2012, defendant Anderson, a female, enforced the policy when she made plaintiff "stand and expose himself" and remove the sheet while she watched. Id. at ¶37. On December 21, 2012, defendant Nolan made plaintiff stand and remove the sheet in the presence of plaintiff's then-cellmate, alleged to be a homosexual. The cellmate later commented on plaintiff's buttocks and genitals. At different times on December 23, 2012, defendants Taylor and Brito enforced the policy by making

---

[2] A privacy sheet is hung between the two occupants of a cell while one of them uses the toilet.

plaintiff remove the sheet.

On February 6, 2013, and February 13, 2013, defendant Gonzalez, a female, enforced the policy when she made plaintiff remove the sheet while she watched and plaintiff was "completely exposed." Id. at ¶40.

On April 13, 2013, defendant Vamos #1 threatened plaintiff with disciplinary action for using the privacy sheet and made the plaintiff stand and remove the sheet while he watched. On April 16, 2013, defendant McCormack made plaintiff remove the sheet. On that same date, defendant VanOudenhave made plaintiff remove the sheet and threatened plaintiff with disciplinary action.

On May 2, 2013, defendant Vamos #1 made plaintiff remove the sheet. On May 12, 2013, May 20, 2013, and May 22, 2013, defendant Allison threatened plaintiff with disciplinary action, and watched while plaintiff removed the sheet.

On July 8, 2013, defendant Boyd made plaintiff remove the sheet. On July 14, 2013, defendant Roy made plaintiff remove the sheet. On August 18, 2013, defendant Kitt, a female, threatened plaintiff with disciplinary action and made plaintiff "stand naked and take down the sheet[.]" Doc. #1, Complaint at ¶47. On August 24, 2013, and on "multiple other occasions[,]" defendant Vamos #2 threatened plaintiff with disciplinary action and made plaintiff "stand naked and take down the sheet." Id. at ¶48.

On October 8, 2013, defendant Houston threatened plaintiff with disciplinary action and made plaintiff "stand naked to take down the sheet." Id. at ¶50. Defendant Houston continued to threaten plaintiff even after he removed the sheet.

On June 12, 2014, July 3, 2014, and July 14, 2014, defendant Tyburski, a female, enforced the policy by making plaintiff remove the sheet and finish his bodily functions in view of his cellmate. On July 4, 2014, defendant Scott, a female, enforced the policy by making plaintiff remove the sheet and finish his bodily functions in front of his cellmate as she watched. On September 9, 2014, defendant Griffith, a female, enforced the policy by making plaintiff remove the sheet and finish his bodily functions in front of his cellmate as she watched.

Plaintiff began to wait until his cellmate went to recreation to perform his bodily functions. As a result, plaintiff suffered persistent constipation. For seven months while plaintiff was housed in an expansion area at MacDougall plaintiff refers to as the "Green Mile," defendants refused to let plaintiff leave his cell to enjoy the remainder of his recreation period after he used the toilet.

Plaintiff filed his Complaint on July 6, 2015. [Doc. #1]. An Initial Review Order issued on August 4, 2015. [Doc. #7]. On December 31, 2015, following several granted requests for

extensions to respond to plaintiff's Complaint [Doc. ##39, 44, 46, 52], defendants filed a motion to dismiss plaintiff's Complaint. [Doc. #53]. Following a granted request for an extension of time [Doc. ##57, 58], on March 31, 2016, plaintiff filed an objection to the motion to dismiss, along with a supporting memorandum of law. [Doc. ##59, 60]. On August 24, 2016, Judge Thompson issued a Ruling granting defendants' motion to dismiss, in part. [Doc. #63]. Judge Thompson dismissed: any Fourth Amendment unreasonable search claims [see id. at 8[3]]; claims against female defendants Scott, Griffith, Kitt, Anderson, Hall, Gonzalez and Tyburski for violation of plaintiff's right to privacy by viewing him perform bodily functions [see id. at 10]; any Fourth Amendment privacy claims against defendants VanOudenhave, Maloid, Nolan, Taylor, Brito, Vamos #1, Vamos#2, McCormack, Boyd, Roy, Allison and Houston for violation of plaintiff's right to privacy by viewing him perform bodily functions [see id. at 10-11]; any Eighth Amendment claims relating to performing bodily functions in the presence of another inmate or a correctional officer [see id. at 14]; any substantive due process claims [see id. at 16]; and all claims

---

[3] All pagination cited herein refers to the page number designated by the ECF heading.

against defendants DeMarco, McDaniels and Doe [see id. at 22].[4]
Judge Thompson has permitted plaintiff's Complaint to "proceed
against the remaining defendants on the Fourth Amendment privacy
claim regarding implementation and enforcement of the policy
prohibiting use of a privacy sheet." Id.

## DISCUSSION

Plaintiff has filed two motions seeking to compel written
discovery responses from defendants. [Doc. ##88, 89]. Plaintiff
has also filed a motion to expand discovery, which, as now
clarified by plaintiff, seeks permission to serve an additional
22 interrogatories on defendant Warden Chapdelaine. See Doc.
##75, 83. On March 2, 2017, Judge Thompson referred this matter
to the undersigned for a status conference and a ruling on
plaintiff's motion to expand discovery. [Doc. #79]. On March 20,
2017, the Court held an in-person discovery status conference.
[Doc. ##80, 85, 86]. During this conference, plaintiff indicated
that he wished to file a motion to compel directed to his
written discovery requests served in September 2016. See Doc.
#85 at 2. The Court set a deadline of April 17, 2017, for

---

[4] The claims against these three defendants were dismissed for
failure to identify and timely serve defendants with the
Complaint. See Doc. #63 at 22. Judge Thompson has permitted
plaintiff to reopen the claims against these defendants provided
that plaintiff can provide service information for each of these
defendants. See id.

plaintiff to file any motions to compel directed towards his September 2016 written discovery requests. See id.[5] Plaintiff timely filed his motions to compel on March 28 and 29, 2017, respectively. [Doc. ##88, 89].[6] After two requested and granted extensions of time [Doc. ##92, 93, 100, 101], defendants filed their response to plaintiff's motions to compel on May 26, 2017. [Doc. #103]. On July 26, 2017, plaintiff filed a Motion to Renew and for Oral Argument as to the motions to compel. [Doc. #105]. Judge Thompson referred that motion to the undersigned on July 27, 2017. [Doc. #106].

Because plaintiff proceeds in this matter as a self-represented party, the Court interprets his briefing "liberally" and reads his filings "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (citing Mikinberg v. Baltic S.S. Co., 988 F.2d 327, 330 (2d Cir. 1993)). "Though a court need not act as an advocate for pro se litigants, in pro se cases there is a greater burden and

---

[5] In the Court's Memorandum of Conference, a copy of which was mailed to plaintiff, the Court reminded plaintiff that "any motion to compel must include, for each request at issue, an argument as to why plaintiff believes he is entitled to the information sought, and why he believes the defendant's objection or response to that particular request is not well-founded." Doc. #85 at 2-3.

[6] The Court took plaintiff's motion to expand discovery under advisement, pending receipt of plaintiff's motions to compel. See Doc. #85 at 3.

a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." <u>Davis v. Kelly</u>, 160 F.3d 917, 922 (2d Cir. 1998) (internal quotation marks omitted) (quoting <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978)). Bearing this in mind, doings its best to glean from his submissions the discovery plaintiff seeks to obtain, the Court addresses each motion in turn.

## I.   **Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The advisory committee's notes to the recent amendment of Rule 26 further explain that

> [a] party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery.

Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment.

Nevertheless, "[t]he party resisting discovery bears the burden

of showing why discovery should be denied." Cole v. Towers

Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

## II.  Motion to Compel Responses to Plaintiff's Interrogatories Directed to all the Named Defendants [Doc. #89]

Plaintiff seeks to compel answers to his interrogatories

dated August 25, 2016, which were directed to all defendants.

[Doc. #89]. Plaintiff takes issue with the "boilerplate

objections" asserted by defendants in response to the

interrogatories. See Doc. #89 at 2-3. Defendants respond that

the parties have met and conferred on several occasions, and

that on March 24, 2017, in an effort to resolve the disputed

requests, counsel for defendants hand-delivered to plaintiff

"clarifications" of defendants' objections. See Doc. #103 at 2;

see also Doc. #103-5.[7] Counsel for defendants represents that

_____

[7] On July 26, 2017, plaintiff filed a motion to "renew" his
motions to compel discovery and for oral argument on those
motions. See Doc. #105. Plaintiff raises several issues in this
motion. First, he contends that defendants' response to the
motions to compel is untimely and violates the Court's
scheduling order requiring that such response be filed within 21
days of plaintiff's motion. See id. at ¶8. However, plaintiff
fails to acknowledge that the Court granted defendants two
extensions of time until May 26, 2017, in which to respond to
plaintiff's motions. See Doc. ##93, 101. Defendants filed their
response on May 26, 2017 [Doc. #103], and therefore it is
timely. Plaintiff also contends that the defendants improperly,
and untimely, served "clarifications" to their objections to
plaintiff's written discovery requests, which plaintiff contends

following these several meet and confers, the parties were able to resolve many of the disputes, but that plaintiff continues to seek additional responses to the following Interrogatories: 9, 13-16, 17(a)-(c), 19 and 21. See Doc. #103 at 2.

### a. Untimely Responses and Boilerplate Objections, Generally

Before addressing the specific contested interrogatories, the Court turns first to plaintiff's arguments that defendants' answers to the interrogatories and responses to the requests for production were untimely, and that their objections are insufficient.

---

"was an attempt by the defendants to make objections that they should have originally made in a timely manner in an attempt to avoid the FRCP mandate that an objection not timely is deemed waived." Doc. #105 at ¶6. However, as further explained below, defendants' objections were not untimely. The Court further finds that the "clarifications" are just that – clarifications of objections timely made in response to plaintiff's written discovery requests, in an appropriate effort to resolve an issue raised by plaintiff in the motions to compel. Accordingly, to the extent plaintiff requests this Court to disregard defendants' "clarifications," this request is **DENIED**. To the extent plaintiff seeks to "renew" his motions to compel, there is nothing to renew at this time, and that request is also **DENIED**. Finally, plaintiff's request to schedule oral argument on the motions to compel is also **DENIED**, as the Court finds that oral argument would not further clarify the issues raised in plaintiff's motions to compel or defendants' response. See D. Conn. L. Civ. R. 7(a)3 ("Notwithstanding that a request for oral argument has been made, the Court may, in its discretion, rule on any motion without oral argument."). Therefore, the Court **DENIES** plaintiff's Motion to Renew and For Oral Argument [**Doc. #105**].

Plaintiff contends that each of defendants' objections to the written discovery requests is waived because defendants did not serve their responses by November 14, 2016. See generally Doc. #89 at 1-4; Doc. #88 at 1-2. Plaintiff asserts that defendants received an extension of time to respond to plaintiff's written discovery requests only through November 14, 2016, and refers to the Order entered by Judge Thompson granting defendants' request for that extension of time. See Doc. #89 at 1-2; Doc. #88 at 1-2. However, plaintiff fails to acknowledge that defendants sought, and were granted, a second extension of time until December 14, 2016, to answer plaintiff's written discovery requests. See Doc. ##67, 68. Defendants' responses to plaintiff's discovery requests, which were served on December 7, 2016, and December 14, 2016, see Doc. #103-3, #103-4, were timely. Accordingly, defendants' objections are not waived as a result of untimeliness.

Plaintiff next contends that defendants' objections are "boilerplate" and lack the specificity required by the Federal Rules of Civil Procedure. See Doc. #89 at 2, 4; Doc. #88 at 1-2. Defendants "disagree that their objections were deficient[,]" but in an effort to resolve that specific issue, four days before plaintiff filed the motions to compel, defendants provided "clarifications" of the objections. Doc. #103 at 3; see also Doc. #103-5, #103-6 (defendants' clarifications of written

discovery responses dated March 24, 2017). The Court will

consider defendants' clarified objections in addressing each of

the remaining written discovery requests at issue.

### b. Interrogatory 9

Plaintiff seeks to compel answers to Interrogatory 9:

> If you have ever been the subject of any civilian
> complaint or internal disciplinary proceeding having to
> do with alleged abuses of your powers as a correction
> officer, state as to each such proceeding: (a) The
> substance of any charges made against you in each such
> proceeding; (b) The name and address of each person who
> brought such charges; (c) The date and outcome of each
> such proceeding, including the date and nature of any
> subsequent disciplinary action against you, if any was
> taken.

Doc. #89 at 7. Defendants object: "This request does not pertain

to relevant material and is outside the scope of rule 26(b)(1).

Moreover, this request may implicate safety and security

concerns to the extent that the plaintiff seeks personnel

records." Id.; see also Doc. #103-5 at 5. Defendants have

clarified:

> This request does not seek relevant or material
> information in that it is not limited to information
> regarding the policy prohibiting inmates from blocking
> a clear view into their cells. This request is also vague
> in that it does not define "civilian complaint."
> Furthermore, there are also safety and security concerns
> to the extent that plaintiff seeks staff personnel
> records or records pertaining to other inmates.

Doc. #103-5 at 5. In addition to contending that defendants'

objections are inadequate, plaintiff contends that the

information sought is "perfectly within the ambit of

13

discovery[,]" and that "[d]iscovery rules require the pro se prisoner to be allowed to obtain information about the defendants and their prior records that may be relevant to their credibility and other issues, including pattern and practice or absence of mistake." Doc. #89 at 7-8 (collecting cases). Defendants respond that the Court should deny plaintiff's request because plaintiff provides no explanation as to the relevance of the information sought, and the request is "far broader than merely seeking disciplinary records pertaining to dishonesty." Doc. #103 at 5.

As currently framed, Interrogatory 9 is overbroad as it is not limited in temporal scope and potentially seeks the identification of every complaint relating to "alleged abuses of power" made against each defendant since the beginning of time. Accordingly, the Court sustains, in part, defendants' objection to Interrogatory 9 on the grounds of relevance and over breadth. However, the Court will **GRANT, in limited part**, plaintiff's motion to compel as to Interrogatory 9.

"[T]he great weight of the policy in favor of discovery in civil rights actions supplements the normal presumption in favor of broad discovery[.]" Nat'l Cong. for Puerto Rican Rights ex rel. Perez v. City of New York, 194 F.R.D. 88, 96 (S.D.N.Y. 2000) (internal quotation marks omitted) (quoting King v. Conde, 121 F.R.D. 180, 195 (E.D.N.Y. 1988)). Generally, in a section

1983 case such as this, "[d]isciplinary records involving complaints of a similar nature, whether substantiated or unsubstantiated, could lead to evidence that would be admissible at trial and thus, are discoverable." Frails v. City of New York, 236 F.R.D. 116, 117-18 (E.D.N.Y. 2006) (alterations added) (compiling cases); see also Linares v. Mahunik, No. 9:05CV0625(GLS)(RFT), 2008 WL 2704895, at *3 (N.D.N.Y. July 7, 2008) ("To the extent other inmates' grievances or complaints allege conduct similar to that alleged in the Complaint, and were similarly directed against any of the named defendants, the documents sought may well yield information relevant to [plaintiff's] claims, and such documents are therefore discoverable." (collecting cases)). Additionally, "[a] civil rights plaintiff is entitled to prove by extrinsic evidence that the defendant acted for the purpose of causing harm[] ... [and] where malicious, aggravated conduct is purportedly involved, reports of this conduct are admissible." Lombardo v. Stone, No. 99CV4603(SAS), 2002 WL 113913, at *6 (S.D.N.Y. Jan. 29, 2002) (internal citations and quotation marks omitted).

Thus, a limited subset of the information plaintiff seeks is relevant and discoverable. Accordingly, on or before September 15, 2017, each defendant shall answer Interrogatory 9 as limited by the Court: For the years 2012 through 2014, identify any grievance, complaint and/or disciplinary proceeding

15

brought against you that relates to the enforcement of the
MacDougall-Walker policy prohibiting inmates from hanging a
privacy sheet while using the toilet, including the date and
outcome of any identified grievance, complaint, or disciplinary
proceeding.[8]

To the extent defendants have any safety or security
concerns, any such concerns may be alleviated by an appropriate
protective order.

### c. Interrogatory 13

Plaintiff seeks to compel answers to Interrogatory 13:

If you claim that you are entitled to qualified immunity
in connection with any of the events alleged in the
complaint, state exactly and completely: (a) Your entire
basis for making such claim; (b) All physical evidence
which might or could be introduced on your behalf in
support of such claim; (c) Identify all witnesses who
might or could be called to testify on your behalf in
support of such claim.

Doc. #89 at 9. Defendants object on the grounds that this
interrogatory calls for "legal analysis," see id. at 9-10, and
have clarified: "This request calls for legal analysis because
'qualified immunity' is a special defense that requires inter
alia legal research and ascertaining whether the defendants'

---

[8] "While the underlying facts of the incident may be relevant or
lead to relevant evidence for discovery purposes, the
admissibility of such evidence at trial is altogether another
matter." Cox v. McClellan, 174 F.R.D. 32, 35 (W.D.N.Y. 1997).

alleged actions violated 'clearly established law,' as established by federal and state case law." Doc. #103-5 at 7-8. Plaintiff, relying on Rule 33(a)(2), contends that he "is entitled to ask the defendants for an application of law to fact within their knowledge of their actions." Doc. #89 at 10. Defendants respond that they "are current and former employees for the CT DOC and are not practicing attorneys; it would be unfair and prejudicial to require them to answer this request." Doc. #103 at 5.

Rule 33 of the Federal Rules of Civil Procedure governs the proper scope of interrogatories. See generally Fed. R. Civ. P. 33(a)(2). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Id. An interrogatory requesting such information is a "contention interrogatory" and is "a perfectly acceptable form of discovery[.]" Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) (citations omitted). "Such interrogatories 'may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how

17

the law applies to the facts.'" <u>Strauss v. Credit Lyonnais,</u>
<u>S.A.,</u> 242 F.R.D. 199, 233 (E.D.N.Y. 2007) (quoting <u>McCarthy v.</u>
<u>Paine Webber Group, Inc.,</u> 168 F.R.D. 448, 450 (D. Conn. 1996)).

Interrogatory 13 requests each defendants' "basis" for his
or her claim of qualified immunity, and for defendants to
identify any witnesses or physical evidence which bear on such a
defense. <u>See</u> Doc. #89 at 9-10. Interrogatory 13 is a "contention
interrogatory" and therefore falls within the scope of a
permissible interrogatory under Rule 33. <u>See, e.g.,</u> <u>Protex Int'l</u>
<u>Corp. v. Vanguard Prod. Grp., Inc.,</u> No. 05CV5355(ADS)(ARL), 2006
WL 3827423, at *2 (E.D.N.Y. Dec. 27, 2006) ("[C]ontention
interrogatories ask a party: to state what it contends; to state
whether it makes a specific contention; to state all the facts
upon which it bases a contention; to take a position, and to
explain or defend that position, with respect to how the law
applies to facts; or to state the legal or theoretical basis for
a contention." (citation and internal quotation marks omitted)).

Accordingly, the Court overrules defendants' objections,
and **GRANTS, in part**, plaintiff's motion to compel as to
Interrogatory 13. On or before September 15, 2017, each
defendant shall answer Interrogatory 13, rephrased as follows:
If you claim that you are entitled to qualified immunity in
connection with any of the events alleged in the Complaint, for

which a claim currently remains, state with specificity all facts upon which you base that contention.[9]

### d. Interrogatory 14

Plaintiff next seeks to compel answers to Interrogatory 14:

Identify any electronic or photographic record that was made of any part of any of the events alleged in the complaint or in your answers to the preceding interrogatories, identify the person or persons having present custody of such electronic or photographic record or recording and state the exact present location of each such photograph or recording.

Doc. #89 at 10. Defendants object: "This request does not pertain to relevant material and is outside the scope of Rule 26(b)(1). The allegations in the complaint contain more than 100 paragraphs, span over several years, and contain too many alleged incidents (many without dates) to respond to." Id.; See also Doc. #103-5 at 8. Defendants have clarified: "Please see objection to request/clarification number 4. The information requested is not relevant in that it inter alia pertains to 'electronic and photographic information' that pertains to the enforcement of a policy against non-party inmates spanning several years." Id.[10] In support of this request, plaintiff

_____

[9] Some courts in this circuit "have found contention interrogatories premature where no significant discovery has taken place." Strauss, 242 F.R.D. at 233 (collecting cases) (internal quotation marks omitted). Here, however, discovery has now closed and plaintiff's request is not premature.

[10] The clarification of Interrogatory 4 asserts an objection on

points the Court to his "position statement" as to Interrogatories 2, 4, and 9. See Doc. #89 at 11. Defendants respond that they "have already indicated to the plaintiff that the facility has confirmed that there are no saved video recordings from the stationary cameras in the plaintiff's unit on the days of the alleged incidents[,]" and further rest on their clarified objections. Doc. #103 at 5-6.

Plaintiff's "position" as to Interrogatories 2 and 4 is that defendants assert "boilerplate" objections and have waived these objections as they were untimely. The Court rejects the waiver argument for reasons previously stated. See Section II.a., supra. The Court also rejects plaintiff's contention that defendants have asserted only boilerplate objections, in light of defendants' clarifications of their objections. Plaintiff's "position" as to Interrogatory 9 contends that the information sought is relevant, and that plaintiff should be allowed to obtain information relevant to defendants' credibility and other issues, including pattern and practice or absence of mistake. See Doc. #89 at 7-8 (collecting cases).

As phrased, Interrogatory 14 is overbroad, not proportional to the needs to the case, and seeks irrelevant information. It potentially implicates every available photograph and video

grounds of over breadth. See Doc. #103-5 at 5.

recording of the MacDougall facility from at least 2012 through 2016. Plaintiff fails to provide any explanation specific to this request regarding how the breadth of information sought is reasonably calculated to lead to the discovery of admissible evidence. The Court cannot see how such a request could lead to relevant information concerning the defendants' credibility. Moreover, defendants have represented that "there are no saved video recordings from the stationary cameras in the plaintiff's unit on the days of the alleged incidents." Doc. #103 at 5-6.[11] The Court finds that defendants' narrowing of Interrogatory 14 is appropriate and proportional to the needs of this case. Accordingly, the Court sustains defendants' objections and **DENIES, in part**, plaintiff's motion to compel as to Interrogatory 14. However, on or before September 15, 2017, at least one defendant shall assert the representation regarding the existence of the stationary video recordings in a verified amended answer to Interrogatory 14. At least one defendant shall further indicate whether any other video recordings exist, such as by handheld cameras, which were taken of the plaintiff's unit on the days of the incidents alleged in the Complaint.

---

[11] The Court will address plaintiff's request for photographs in connection with its discussion of Interrogatory 21.

**e. Interrogatory 15**

Plaintiff seeks to compel answers to Interrogatory 15:

> If you have ever been arrested and/or convicted of any
> crime whatsoever, identify by name and description the
> nature of each such offense, the date of which same
> occurred, and the location and disposition of any
> prosecution arising out any such arrest.

Doc. #89 at 11. Defendants object on the grounds that

Interrogatory 15 "does not pertain to relevant material and is

outside the scope of Rule 26(b)(1) and could jeopardize DOC's

safety and security." <u>Id.</u> Defendants have clarified:

> This request does not seek relevant or material
> information in that it does not pertain to information
> regarding the alleged policy prohibiting inmates from
> blocking a clear view into their cells. Moreover, there
> are also safety and security concerns to the extent that
> plaintiff seeks information pertaining to any potential
> arrest or criminal histories to the extent that it could
> be used to intimidate or manipulate staff.

Doc. #89-1 at 11; <u>see also</u> Doc. #103-5 at 9. In support of this

request, plaintiff points the Court to his "position statement"

as to Interrogatories 2, 4, and 9. <u>See</u> Doc. #89 at 11.

Defendants respond that "plaintiff fails to provide any specific

reason for how this request is relevant to this case and fails

to sufficiently narrow it to evidence that is relevant or

conceivably admissible at trial," and otherwise rest on their

clarified objections. Doc. #103 at 5-6.

Plaintiff's "position" as to Interrogatories 2 and 4 is

that defendants have waived their "boilerplate" objections as

they were untimely. The Court rejects the waiver argument for reasons previously stated. The Court also rejects plaintiff's contention that defendants have asserted only boilerplate objections, in light of defendants' clarifications.

Federal Rule of Evidence 609 provides, in relevant part, that a criminal conviction for any felony and for "any crime regardless of the punishment" that involves a "dishonest act or false statement" by the convicted person shall be admitted for purposes of attacking a witness's character for truthfulness. Fed. R. Evid. 609(a). If "more than 10 years have passed since the witness's conviction or release from confinement," the conviction may be admissible, subject to certain limitations. Fed. R. Evid. 609(b). "Thus, information relating to convictions for any felony and for any offense involving dishonesty or false statement may be admissible, under certain circumstances, regardless of the age of the conviction." Torcasio v. New Canaan Bd. of Ed., No. 3:15CV00053(AWT), 2016 WL 299009, at *2 (D. Conn. Jan. 25, 2016), reconsideration denied, No. 3:15CV00053(AWT), 2016 WL 1275028 (Apr. 1, 2016).

Accordingly, the Court **GRANTS, in part,** plaintiff's motion to compel with respect to Interrogatory 15. On or before September 15, 2017, each defendant shall provide an answer to Interrogatory 15, limited to any felony offense or any offense involving dishonesty or false statements, as contemplated by

Rule 609. To the extent defendants have any safety or security concerns, any such concerns may be alleviated by the entry of an appropriate protective order.

**f. Interrogatory 16**

Although not raised by plaintiff in his written motion, defendants represent that during a telephone call plaintiff stated that "he disputes the defendants' responses[]" to Interrogatory 16. Doc. #103 at 7. Interrogatory 16 requests defendants to:

> Identify each shift you worked, at MacDougall, within the operative period of the complaint, including: (1) the past assignment or housing unit, and; (b) The shift time, beginning and ending, and; (c) The date of each shift, and; (d) Any partner assigned to the post with you.

Doc. #103-5 at 9-10. Defendants object: "This request does not pertain to relevant material and is outside the scope of Rule 26(b)(1) and is overly broad and unduly burdensome. The allegations in the complaint contain more than 100 paragraphs, span over several years, and contain too many alleged incidents (many without dates) to respond to." Id.

Because plaintiff does not address Interrogatory 16 in his motion to compel, see generally Doc. #89, the Court considers any claims relating to Interrogatory 16 abandoned. The Court further sustains defendants' objections that as currently phrased, Interrogatory 16 is overbroad and seeks irrelevant

information. Accordingly, to the extent plaintiff seeks to compel an answer to Interrogatory 16, any such request is **DENIED**.

### g. Interrogatory 17

Plaintiff next seeks to compel answers to Interrogatory 17:

> Identify each and every video camera, monitoring the areas or locations relevant to the operative time periods and housing units identified in the Complaint, including: (a) Any internal identifier number used by the DOC for identification or each cameras, and; (b) The housing unit or location in which each camera is located, and; (c) The area of each housing unit or location monitored by such camera, and; (d) The individual staff member responsible for the maintenance and preservation of the video footage from each such camera, and if different, the individual staff member from whom such footage may be obtained or subpoenaed.

Doc. #89 at 11-12. Defendants object to each subpart on the grounds that the "request does not pertain to relevant material and is outside the scope of Rule 26(b)(1) and could implicate safety and security concerns." Id.[12] In clarifying their objections to subparts (a) through (c), defendants have stated: "This request for the location and information pertaining to security cameras jeopardizes DOC's safety and security." Doc.

---

[12] Defendants previously objected on the grounds that the request exceeds the number of interrogatories permitted under Rule 33. See Doc. #89 at 11-12. Defendants appear to have abandoned this objection in their briefing and clarification of their objections. See generally Doc. ##103, 103-5. Accordingly, the Court will not consider this aspect of defendants' objections.

#103-5 at 10-11. With respect to subpart (d), defendants have clarified, notwithstanding their original objection that "Captain Rivera and his staff in the intelligence office are responsible for storing and maintaining the videos that are preserved from stationary cameras at the facility." Doc. #103-5 at 11.

In support of this request, plaintiff directs the Court to his response to Interrogatory 9(a), which takes issue with the substance of defendants' objections and further states that this "request is valid in its substance and material." Doc. #89 at 7, 12. In addition to relying on their clarified objections, defendants state there are "obvious safety concerns for revealing such sensitive information regarding DOC's security cameras, such as an inmate discovering which areas in the facility are outside the camera's view[.]" Doc. #103 at 8.

The Court rejects plaintiff's argument that defendants' objections are inadequate, in light of the subsequently provided clarification. As to whether Interrogatory 17 seeks relevant information, the Court infers that plaintiff seeks that information to formulate further discovery requests for videographic evidence. However, defendants have represented that there are "no saved video recordings from the stationary cameras in the plaintiff's unit on the days of the alleged incidents." Doc. #103 at 6. Accordingly, any future requests for

videographic evidence relating to plaintiff's unit on the days
of the alleged incidents would be futile. Further, Interrogatory
17 as phrased is overbroad as it encompasses cameras that are
not related to the enforcement of the policy against plaintiff
specifically. Accordingly, the Court sustains defendants'
objections and **DENIES** plaintiff's motion to compel as to
Interrogatory 17. However, on or before September 15, 2017, at
least one defendant shall provide a verified response to
Interrogatory 17(d).

### h. Interrogatory 19

Plaintiff next seeks to compel answers to Interrogatory 19:

> Identify each and every handout, posting, videos,
> contract, notice, agreement, warning or Administrative
> Directive, initiated in accordance with, or conformance
> with, the Prison Rape Elimination Act (PREA), at
> MacDougall, and the substance thereof, include the
> location or manner of each disclosure, to the inmate
> population.

Doc. #89 at 14. Defendants object, in pertinent part, that "this
request does not pertain to relevant material and is outside the
scope of 26(b)(1) and is overly broad." Id. Defendants have
clarified:

> In July of 2016, there were almost 1500 inmates in the
> MacDougall building. In addition to the overly broad and
> vague language describing the materials sought in your
> request, it would be irrelevant, immaterial, and overly
> broad to identify every "disclosure" and the manner of
> each disclosure to every inmate in the building. Please
> narrow your request.

Doc. #103-5 at 13. In support of his motion to compel answers to Interrogatory 19, plaintiff refers the Court to "position statements 2, 4, 9 and 17[.]" Doc. #89 at 15.[13] Defendant responds that plaintiff has failed to provide any reason why the PREA materials are relevant to the case. Defendants nevertheless have produced "PREA documents, including the MWCI inmate handbook, the PREA inmate housing poster, the PREA video acknowledgment form, the PREA stencil, and the PREA video 'What you need to know' (defendants would permit plaintiff to view this video at his request)." Doc. #103 at 8-9.

As currently framed, the Court agrees that Interrogatory 19 is overly broad in temporal and substantive scope and not likely to lead to the discovery of relevant evidence. Further, although plaintiff points the Court to certain position statements relating to various requests, he fails to articulate how the information sought in this specific request is relevant to his claims. Plaintiff also does not articulate how the materials already produced by defendants in response to this Interrogatory are inadequate. Accordingly, the Court **SUSTAINS** defendants' objections to this request, as clarified, and **DENIES** plaintiff's motion to compel as to Interrogatory 19.

_____

[13] The Court reincorporates herein its prior discussion of plaintiff's "position statements" as to Interrogatories 2, 4, 9 and 17.

### i. Interrogatory 21

Plaintiff next seeks to compel answers to Interrogatory 21:

Identify any and all photographs or video camera footage of the cells either in the expansion area of MacDougall known as the "Green Mile," or in the main building including: (a) Q Pod; (b) N Pod; (c) O Pod; (d) P Pod; (e) H-I Pod.

Doc. #89 at 15-16. Defendants object to each of Interrogatory 21's subparts, in pertinent part, as follows: "[T]his request does not pertain to relevant material and is outside the scope of Rule 26(b)(1) and is overly broad. This request is not an appropriate interrogatory as it is more akin to a production request." Id. Defendants have clarified:

The defendants object because this request does not seek relevant and material information and is overly broad. For example, this request does not pertain to specific time frames, is not limited to cells occupied by the plaintiff, and is not narrowed to the alleged incidents when staff enforced the policy prohibiting "privacy sheets" against the plaintiff.

Doc. #89-1 at 17; see also Doc. #103-5 at 15. In support of this request, plaintiff refers the Court to "position statements 2, 4, 9 and 17[.]" Doc. #89 at 17.[14] In addition to contending that plaintiff has failed to proffer the relevance of the requested information, defendants further represent that they have advised plaintiff "that the facility has confirmed that there are no

_____

[14] The Court reincorporates herein its prior discussion of plaintiff's "position statements" as to Interrogatories 2, 4, 9 and 17.

saved video recordings from the stationary cameras in the
plaintiff's unit on the days of the alleged incidents." Doc.
#103 at 9.

As currently framed, Interrogatory 21 is overbroad in both
temporal and substantive scope. It is not limited to the time
surrounding the events giving rise to plaintiff's claim, and
there is no indication that plaintiff was housed in the areas
requested. Although defendants represent that "the facility has
confirmed that there are no saved video recordings from the
stationary cameras in the plaintiff's unit on the days of the
alleged incidents[,]" Doc. #103 at 9, defendants make no
representations regarding whether there are any photographs or
hand-held video recordings of plaintiff's cell taken on or
around the dates in question. Accordingly, the Court **GRANTS, in
part**, plaintiff's motion to compel as to Interrogatory 21. On or
before September 15, 2017, at least one defendant shall answer
Interrogatory 21 as reframed by the Court: For each of the cells
in which plaintiff was housed from August 2012 through September
2014, identify whether any photographs or hand-held video
recordings exist which depict those cells as empty units and/or
reflect the placement of a privacy sheet, and if so, provide a
brief description of the photograph and/or recording's contents,
including the approximate date on which the photograph and/or
recording was taken.

Therefore, for the reasons stated above, the Court **GRANTS, in part, and DENIES, in part**, plaintiff's Motion to Compel Responses to Plaintiff's Interrogatories [**Doc. #89**].

III. **Plaintiff's Motion to Compel Production [Doc. #88]**

Plaintiff seeks to compel responses to his requests for production dated August 25, 2016, which were directed to all defendants. [Doc. #88]. Plaintiff takes issue with the "boilerplate objections" asserted by defendants and contends that defendants' responses were untimely. See Doc. #88 at 1.[15] Defendants respond that the parties have met and conferred on several occasions, and that on March 24, 2017, counsel for defendants hand-delivered to plaintiff "clarifications" of defendants' objections in an effort to resolve any discovery disputes. See Doc. #103 at 2; see also Doc. #103-6. Counsel for defendants represents that following these several meet and confers, the parties were able to resolve many of the disputes, but that plaintiff continues to seek responses to the following Requests: 2-4, 7-10, 14-17, 19, 20, 22, and 23. See Doc. #103 at 2. The Court will address each contested request in turn.

---

[15] For reasons previously stated, the Court rejects any arguments advanced for the proposition that defendants' objections are waived as untimely, and that the objections consist of inadequate boilerplate. See Section II.a., supra.

**a. Request 2**

Request 2 seeks: "The most recent identification photographs taken by the employer of each individual officer who was present at the incident(s) described in the complaint." Doc. #88 at 3. Defendants object that the "request does not pertain to relevant material and is outside the scope of Rule 26(b)(1), is overly broad and vague, and implicates safety and security concerns." Id.; see also Doc. #103-6 at 3. Defendants have clarified

> that such photographs are irrelevant and immaterial to the plaintiff's claims regarding the alleged policy. The plaintiff's reference to officers "present at the incidents" is also vague. Moreover, such photographs could be used to intimidate staff and jeopardize the facility's safety and security.

Doc. #103-6 at 3. Plaintiff responds that the photographs are "relevant and necessary to assure the plaintiff he is referencing the correct defendant and goes to identity of the defendant and absence of mistake therein." Doc. #88 at 3. Plaintiff also refers the Court to "position statements 1 above, and 2, 4, 9, and 17 of plaintiffs Motion To Compel Responses To Plaintiff Interrogatories as incorporated here by reference[.]" Id.[16]

_____

[16] From here forward, the Court reincorporates herein its prior discussion of plaintiff's "position statements" as to Interrogatories 2, 4, 9 and 17.

The Court **DENIES, in part**, plaintiff's motion to compel as to Request 2 because it is vague and overbroad. However, the Court finds that plaintiff's request, if narrowed, seeks relevant information. Specifically, in the Ruling dismissing Jane Doe as a defendant, Judge Thompson provided that "[i]f plaintiff can provide service information for th[is] defendant[], he may move to reopen the claims against [her]." Id. Accordingly, plaintiff's request, as narrowed below, is relevant to identifying the "Jane Doe" defendant originally named in the Complaint, but later dismissed by Judge Thompson for failure to timely identify and effectuate service upon her. See Doc. #1, Complaint at ¶65; see also Doc. #63 at 22.

Therefore, on or before September 15, 2017, defendants shall permit plaintiff to inspect the most recent identification photographs of all female correction officers working on June 21, 2014, at the location of the incident alleged in paragraph 65 of the Complaint. If plaintiff identifies one of the photographs as Jane Doe, counsel for defendants shall provide plaintiff with that person's name. See, e.g., Medina v. Gonzalez, No. 08CV01520(BSJ)(KNF), 2010 WL 3744344, at *17 (S.D.N.Y. Sept. 23, 2010) (noting the court's prior order requiring defendants to produce "photographs — along with the name of the corrections official photographed — of all correction officials working on the day of, and in places where,

33

the incident occurred, exclusive of the defendants known to"
plaintiff). Accordingly, plaintiff's motion to compel as to
Request 2 is **GRANTED, in part, and DENIED, in part.**[17]

### b. Request 3

Request 3 seeks: "Any and all materials used or relied upon
by the defendant in preparing answers to any of the plaintiff's
interrogatories." Doc. #88 at 4 (sic). Defendants responded:
"See objections in defendants' responses to interrogatories.
Objection to the extent this request seeks attorney-client
privilege material. Notwithstanding, the defendants have
provided records referenced in the interrogatory responses."
Id.; see also Doc. #103-6 at 3. Defendants have clarified:

> Notwithstanding the defendants' attorney-client
> privileged materials, such as email communications
> between the defendants and their attorney to supply
> responses, the defendants will provide an updated
> response to this production request for documents relied
> upon in answering the plaintiff's interrogatories. Such
> documents may be redacted if DOC deems it necessary for
> safety and security reasons.

Doc. #103-6 at 3. Defendants contend that they "do not dispute
the request" and that their "only objection is to producing
attorney-client privilege materials as well as non-redacted

---

[17] Permitting plaintiff to inspect these photographs, rather than
to retain copies, mitigates the security concerns raised by
defendants.

materials that could implicate safety and security concerns."
Doc. #103 at 10 (sic).

In light of this representation, the Court **DENIES, as moot,**
plaintiff's motion to compel as to Request 3. However, to the
extent defendants have not already done so, on or before
September 15, 2017, defendants shall produce to plaintiff a log
of any and all documents withheld on the basis of the attorney-
client or work product privilege. See Fed. R. Civ. P.
26(b)(5)(A)(i)-(ii) ("When a party withholds information
otherwise discoverable by claiming that the information is
privileged or subject to protection as trial-preparation
material, the party must: (i) expressly make the claim; and
(ii) describe the nature of the documents, communications, or
tangible things not produced or disclosed--and do so in a manner
that, without revealing information itself privileged or
protected, will enable other parties to assess the claim."); see
also D. Conn. L. Civ. R. 26(e) ("In accordance with Fed. R. Civ.
P. 26(b), when a claim of privilege or work product protection
is asserted in response to a discovery request for documents ...
the responding party asserting the privilege or protection shall
serve on all parties a privilege log containing [five categories
of information]."). Defendants shall also identify any documents
disclosed that have been redacted due to safety or security
concerns. Because defendants have been ordered to supplement

their answers to plaintiff's interrogatories, the Court reminds defendants of their "continuing obligation ... to supplement prior discovery responses based on later acquired information when the party learns of its existence and materiality." Robbins & Myers, Inc. v. J.M. Huber Corp., 274 F.R.D. 63, 79 (W.D.N.Y. 2011) (collecting cases); see also Fed. R. Civ. P. 26(e)(1).

### c. Request 4

Request 4 seeks: "The names and addresses of all persons who are or may be witnesses to any of the events which are the subject of this lawsuit or any defense being offered by the defendant." Doc. #88 at 4. Defendants object: "This is not a proper production request, is overly broad, and implicates safety and security concerns to the extent that the plaintiff seeks home addresses." Id.; see also Doc. #103-6 at 4. Defendants have clarified:

> Defendants object to a production request for the names and addresses of "all persons who are or may be witnesses" to the "subject of this lawsuit or of any defense being offered by the defendant" on the basis that it is overly broad. Specifically, the complaint contains allegations regarding a policy at MacDougall Walker CI, the alleged reasons for the policy, the implementation of a policy, policies at other correctional facilities, approximately 28 incidents regarding staff enforcing the policy against the plaintiff (with dates), several incidents involving staff enforcing the policy against the plaintiff (without dates), the "routine" enforcement of the policy against non-party inmates (without dates), the plaintiff's medical problems, and other events that span over two years. Similarly, the plaintiff's reference to individuals who "may be witnesses" calls for speculation

and is overly vague. Moreover, this is not a proper
production request and is more akin to an interrogatory.
The defendants also object to the extent that the
plaintiff seeks home addresses because of safety and
security concerns.

Doc. #103-6 at 4. Plaintiff contends that he does not seek the

home addresses of witnesses, and further relies on "position

statements 1 and 2 above, and 2, 4, 9, and 17 in plaintiffs

Motion to Compel Interrogatory Responses dated March 24, 2017."

Doc. #88 at 4 (sic).

Request 4 is better framed as an interrogatory. Some of the

information sought by Request 4 is also requested in plaintiff's

interrogatories, which are not contested. See, e.g., Doc. #103-5

at 3 ("Interrogatory 5: Identify all persons known to you who

were present at the time of each incident alleged in the

Complaint or who observed or witnessed all or part of the

incident."). Nevertheless, rather than compel defendants to

produce the names and addresses of all persons who are or may be

witnesses, the Court will require defendants to provide

plaintiff with the information typically required by Rule

26(a)(1)'s initial disclosures.[18] Specifically, on or before

September 15, 2017, defendants shall provide plaintiff with "the

_____

[18] Because plaintiff is currently incarcerated and proceeding as
a self-represented party, this action was exempted from Rule
26's initial disclosure requirements. See Fed. R. Civ. P.
26(a)(1)(B)(iv).

name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A). Defendants may use the business address and phone number for the individuals identified. To the extent plaintiff seeks a list of trial witnesses, this information will be provided to plaintiff when the parties formulate their joint trial memorandum, should this case reach that point. Accordingly, the Court **GRANTS, in part**, plaintiff's motion to compel as to Request 4.

### d. Request 7

Request 7 seeks: "Any and all recordings of any portion of the incident alleged in the Complaint or of any injuries inflicted upon any person, including the plaintiff and the defendants, at the time of the said incident." Doc. #88 at 5. Defendants responded: "Objection. This request does not pertain to relevant material and is outside the scope of Rule 26(b)(1). Moreover, this is overly broad and vague." Id.; see also Doc. #103-6 at 5. Defendants have clarified:

> Defendants object to this request because it is overly broad, seeks irrelevant information, and is overly vague. The plaintiff refers to the "incident alleged in the complaint," however, the complaint contains allegations regarding a policy at MacDougall Walker CI, the alleged reasons for the policy, the implementation of a policy, policies at other correctional facilities,

approximately 28 incidents regarding staff enforcing the policy against the plaintiff (with dates), several incidents involving staff enforcing the policy against the plaintiff (without dates), the "routine" enforcement of the policy against non-party inmates (without dates), the plaintiff's medical problems, and other events that span over two years. As such, this request is overly vague and broad. Furthermore, the request for "any and all" recordings of any injuries suffered by a defendant over span of several years that is unrelated to any incident involving the plaintiff is irrelevant and immaterial to this case and constitutes and invasion of the defendants' personal privacy.

Doc. #103-6 at 5-6 (sic). In support of his motion to compel as to Request 7, plaintiff again directs the Court to his "position statements 1 and 2 above, and 2, 4, 9, and 17 in Plaintiffs Motion to Compel Interrogatory Responses dated March 24, 2017."

Doc. #88 at 6 (sic). Defendants respond:

Notwithstanding their objections, the defendants have already indicated to the plaintiff that the facility has confirmed there are no saved video recordings from the stationary cameras in the plaintiff's unit on the days of the alleged incidents and no incident reports or disciplinary reports pertaining to the alleged incidents when the defendants ordered the plaintiff to remove his cell obstructions.

Doc. #103 at 12.

The Court generally sustains defendants' objections for reasons stated in defendants' clarification. In light of defendants' representations concerning the existence of stationary video recordings, and incident and disciplinary reports, the Court **DENIES, in part**, plaintiff's motion to compel as to Request 7 as currently framed. Defendants'

representations, however, constitute an "answer" which, pursuant to Rule 34 of the Federal Rules of Civil Procedure, requires a signature under oath by the responding party. See Napolitano v. Synthes USA, LLC, 297 F.R.D. 194, 200 (D. Conn. 2014) (supplemental response to request for production, which stated that all documents had been produced, was "an answer" that required signature under oath by party). Accordingly, on or before September 15, 2017, at least one defendant shall provide an amended response to Request 7 which sets forth defendants' representations regarding the existence of the video recordings, and incident and disciplinary reports, in a writing signed under oath.

However, defendants have not made any representations concerning the existence of hand-held video recordings. On or before September 15, 2017, defendants shall permit plaintiff to inspect any hand-held video recordings identified in response to Interrogatories 14 and 21. Accordingly, the Court **GRANTS, in part**, plaintiff's motion to compel as to request 17.

### e. Request 8

Request 8 seeks: "Any and all photographs of any scene of events described or referred to in the Complaint." Doc. #88 at 6. Defendants responded: "Objection. This request does not pertain to relevant material and is outside the scope of Rule 26(b)(1). Moreover, this is overly broad, vague, and unduly

burdensome." Id.; see also Doc. #103-6 at 6. Defendants have clarified:

> The plaintiff's reference to the "scene of the events described or referred to in the Complaint" is vague in that it does not identify any specific area, i.e., a cell, a unit, a building, or the entire facility. Moreover, it is overly broad and irrelevant because the allegations in the complaint span several years and include inter alia incidents involving the enforcement of the alleged policy against non-party inmates.

Doc. #103-6 at 6. Plaintiff again relies on his "position statements 1 and 2 above, and 2, 4, 9 and 17 in Plaintiffs Motion To Compel Interrogatory Responses dated March 24, 2017." Doc. #88 at 6 (sic). Defendants respond that notwithstanding their objections, they have represented that "the facility has confirmed that there are no saved video recordings from the stationary cameras in the plaintiff's unit on the days of the alleged incidents." Doc. #103 at 13. Defendants do not, however, indicate whether there are saved photographs of plaintiff's cell on or around the dates of the alleged incidents.

As currently framed, Request 8 is overly broad and encompasses information that is not relevant to plaintiff's claims as it potentially implicates any photograph taken in or around plaintiff's cell from August 2012 to September 2014, which would not relate to plaintiff's asserted claims –- for example, if an incident occurred in plaintiff's cell that only involved his cellmate. Accordingly, the Court sustains

defendants' objections on the grounds of over breadth and vagueness. Nevertheless, on or before September 15, 2017, defense counsel shall permit plaintiff to inspect any photographs identified in response to Interrogatory 21. Accordingly, the Court **GRANTS, in part,** plaintiff's motion to compel as to Request 8.

**f. Request 9**

Request 9 seeks: "Any and all photographs, films or videotapes of any defendant, or other participants in, or other witness to any of the events which are the subject of this lawsuit or any of the said events themselves or of the scene of any such events." Doc. #88 at 6. Defendants responded: "Objection. This request does not pertain to relevant material and is outside the scope of Rule 26(b)(1). Moreover, this is overly broad, unduly burdensome, vague and could implicate security concerns." Id.; see also Doc. #103-6 at 6. Defendants have clarified:

> Defendants object to this request because it is overly broad and does not seek relevant materials. Specifically, a request for "photographs, films or videotapes" of defendants or witnesses to "any of the events which are subject of this lawsuit" is not narrowed to the policy of prohibiting "privacy sheets" and would encompass photographs that are not even associated with the defendants' employment. Similarly, the request for "photographs, films or videotapes" of the "events themselves or of the scene of any such events" is overly broad and seeks irrelevant information because the complaint encompasses events spanning several years and includes incidents involving non-party inmates that

42

> would likely have occurred through the entire facility. Additionally, the plaintiff's reference to the "scene of any such events" is overly vague. Moreover, it would be an undue burden to locate such items.

Doc. #103-6 at 6. In support of his motion to compel, plaintiff again relies on his "position statements 1 and 2 above, and 2, 4, 9 and 17 in Plaintiffs Motion To Compel Interrogatory Responses dated March 24, 2017." Doc. #88 at 7 (sic).

The Court sustains defendants' objections that Request 9 is vague, overbroad and unduly burdensome for the reasons stated in defendants' clarification. Additionally, plaintiff proffers no basis for how the pictures of witnesses to the events described in the Complaint are relevant to his claims. Request 9 is also duplicative of plaintiff's previous requests seeking similar photographs and videos. See, e.g., Requests 2, 7, 8. Accordingly, plaintiff's motion to compel as to Request 9 is **DENIED**. See Fed. R. Civ. P. 26(b)(2)(C)(i) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: the discovery sought is unreasonably cumulative or duplicative[.]").

**g. Request 10**

Request 10 seeks: "Any and all tangible materials, written materials, or other items which may be offered as exhibits at the trial of this case." Doc. #88 at 7. Defendants responded:

"Objection. This request does not pertain to relevant material and is outside the scope of Rule 26(b)(1). Moreover, this is overly broad. Notwithstanding this objection, defendants will disclose exhibits in accordance with court's deadline." Id. (sic); see also Doc. #103-6 at 7. Defendants have clarified that "[i]n addition to the objections above, it is overly broad and vague to request items that 'may' be offered at trial, which could include virtually any evidence." Doc. #103-6 at 7. In support of his motion to compel, plaintiff again relies on his "position statements 1 and 2 above, and 2, 4, 9 and 17 in Plaintiffs Motion To Compel Interrogatory Responses dated March 24, 2017." Doc. #88 at 7 (sic).

Plaintiff's motion to compel as to Request 10 is **DENIED**, as premature. Should this matter reach the trial-ready stage, Judge Thompson will issue a pre-trial order which will set the deadlines by which the parties are to exchange exhibits.[19] See, e.g., Pouliot v. Paul Arpin Van Lines, Inc., No. 3:02CV1302(DJS), 2004 WL 1368869, at *3 (D. Conn. June 14, 2004) ("[T]he court does not compel Pouliot's disclosure of his trial exhibits at this time. This request could be unduly

---

[19] A party may be precluded from introducing testimonial or documentary evidence that was not properly disclosed during the course of discovery. See, e.g., Fed. R. Civ. P. 37(b)(2)(A)(ii).

burdensome in light of the uncertain future date of a trial. The parties will have adequate time to review the various pieces of evidence that are designated for exhibition prior to the start of trial.").

**h. Request 14**

Request 14 seeks: "Any civilian complaint or internal disciplinary record identified in response to Interrogatory #9." Doc. #88 at 8. Defendants responded: "Objection. See objection to Interrogatory #9. Moreover, this request is overly vague." Id.; see also Doc. #103-6 at 8.

In light of the Court's ruling as to plaintiff's Interrogatory 9, the Court **GRANTS, in part**, plaintiff's motion to compel as to Request 14. Defendants shall produce copies of any grievances, complaints or disciplinary reports identified in response to Interrogatory 9. To the extent these documents reflect the names of third parties or any other sensitive information, defendants may redact that information. To the extent defendants have any additional safety or security concerns regarding the production of such documents, any such concerns may be alleviated by an appropriate protective order.

**i. Request 15**

Request 15 seeks: "Any and all statements or witnesses to any event relevant to this Complaint or any defense being offered to the Complaint." Doc. #88 at 8. Defendants responded:

"Objection. This request does not pertain to relevant material and is outside the scope of Rule 26(b)(1). Moreover, this is overly broad, vague, and not appropriate for a production request as it is more akin to an interrogatory." Id.; see also Doc. #103-6 at 8-9. Defendants have clarified:

> This request is overly broad in that it seeks "relevant" "statements and witnesses" in a case where the complaint contains allegations regarding a policy at MacDougall Walker CI, the alleged reasons for the policy, the implementation of a policy, policies at other correctional facilities, approximately 28 incidents regarding staff enforcing the policy against the plaintiff (with dates), several incidents involving staff enforcing the policy against the plaintiff (without dates), the "routine" enforcement of the policy against non-party inmates (without dates), the plaintiff's medical problems, and other events that span over two years.. Moreover, the plaintiff's use of "relevant" is also overly vague and broad.

Doc. #103-6 at 9 (sic). In support of his motion to compel, plaintiff again relies on his "position statements 1 and 2 above, and 2, 4, 9 and 17 in Plaintiffs Motion To Compel Interrogatory Responses dated March 24, 2017." Doc. #88 at 8 (sic). Defendants contend that they "have already indicated to the plaintiff that there are no incident reports or disciplinary reports pertaining to the alleged incidents when staff ordered the plaintiff to remove his cell obstructions." Doc. #103 at 15.

The Court sustains defendants' objections that Request 15 is vague and better framed as an interrogatory. The Court has already ordered defendants to make disclosures described in Rule

26(a)(1) to plaintiff, which will identify each person with discoverable information. Although defendants represent that "there are no incident reports or disciplinary reports pertaining to the alleged incidents when staff ordered the plaintiff to remove his cell obstructions[,]" such a response is too narrowly drawn. Accordingly, the Court **GRANTS, in part,** plaintiff's motion to compel as to Request 15. On or before September 15, 2017, at least one defendant shall respond to Request 15, as follows: Produce any and all written statements which relate to the allegation that defendants ordered plaintiff to remove the privacy sheet on the specific dates alleged in the Complaint. To the extent there are no documents responsive to this re-phrased request, at least one defendant shall provide a verified response stating: "None." At least one defendant shall additionally amend his or her response to include a written verification that "there are no incident reports or disciplinary reports pertaining to the alleged incidents when staff ordered the plaintiff to remove his cell obstructions[,]" as such a representation is akin to an "answer," which requires verification. See Napolitano, 297 F.R.D. at 200.

**j. Request 16**

Request 16 seeks:

    Any and all police records, police reports, C.I.R.
    reports, case/incident reports, internal affairs
    records, Detective Bureau records, medical records,

accident records, wagon records, booking records, cell block records, etc., concerning the plaintiff, any defendant or the subject matter of this lawsuit.

Doc. #88 at 9. Defendants responded: "Objection. This request does not pertain to relevant material and is outside the scope of Rule 26(b)(1). Moreover, this is overly broad and vague and could implicate safety and security concerns." Id.; see also Doc. #103-6 at 9. Defendants have clarified:

This request is overly broad because it is seeks materials that are unrelated to this lawsuit, i.e., enforcing a policy prohibiting "privacy sheets." Moreover, this request seeks information, such as the defendants' medical records, that are irrelevant and immaterial to this case. Moreover, this request contains vague terms such as "police records," "C.I.R. records," "case/incident reports," "Detective Bureau records," etc. Furthermore, this request could implicate safety and security concerns to the extent it seeks personal information or personnel records for the defendants.

Doc. #103-6 at 9-10 (sic). In support of his motion to compel, plaintiff again relies on his "position statements 1 and 2 above, and 2, 4, 9 and 17 in Plaintiffs Motion To Compel Interrogatory Responses dated March 24, 2017." Doc. #88 at 9 (sic). In their opposition, defendants again represent that they "have already indicated to the plaintiff that there are no incident reports or disciplinary reports pertaining to the alleged incidents when staff ordered the plaintiff to remove his cell obstructions." Doc. #103 at 15.

The Court sustains defendants' objections that Request 16 is generally overbroad, vague, and seeks information that is not

relevant to the claims asserted in this matter. It appears that Request 16 is a "form" request for production that would typically be used in a civil rights action against a police department, and has not been tailored to the claims in this case. Nevertheless, in light of plaintiff's allegation that enforcement of the policy at issue led to his suffering from persistent constipation, on or before September 15, 2017, defendants shall produce plaintiff's medical records from August 2012 through December 2014 which relate to plaintiff's allegations of constipation. At least one defendant shall also amend his or her response to Request 16 to include a written verification that "there are no incident reports or disciplinary reports pertaining to the alleged incidents when staff ordered the plaintiff to remove his cell obstructions[,]" as such a representation is akin to an "answer," which requires verification. See Napolitano, 297 F.R.D. at 200. Accordingly, the Court **GRANTS, in part,** plaintiff's motion to compel as to Request 16.

**k. Request 17**

Request 17 seeks: "Any and all police records concerning internal disciplinary procedures, regardless of the outcome, to which the defendant has been subjected while employed as a correction officer." Doc. #88 at 9. Defendants responded: "Objection. This request does not pertain to relevant material

and is outside the scope of Rule 26(b)(1). Moreover, this is overly broad, vague, and could implicate safety and security concerns." Id.; see also Doc. #103-6 at 10. Defendants have clarified that they

> object to this request because it is not limited to records concerning the defendants' alleged enforcement of the policy prohibiting "privacy sheets." Moreover, the request for "police records concerning internal disciplinary procedures" is overly vague and could potentially implicate safety and security concerns.

Doc. #103-6 at 10. In support of his motion to compel, plaintiff again relies on his "position statements 1 and 2 above, and 2, 4, 9 and 17 in Plaintiffs Motion To Compel Interrogatory Responses dated March 24, 2017." Doc. #88 at 9 (sic).

The Court finds that Request 17 is overbroad as it is not limited in temporal or substantive scope. Additionally, the Court has already ordered defendants to produce certain records regarding disciplinary history, as narrowed by the Court. Therefore Request 17 is duplicative of plaintiff's other requests, and the Court **DENIES** plaintiff's motion to compel as to Request 17. See Fed. R. Civ. P. 26(b)(2)(C)(i) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: the discovery sought is unreasonably cumulative or duplicative[.]").

**l. Request 19**

Request 19 seeks: "Any and all electronic or photographic record identified in response to Interrogatory #14." Doc. #88 at 10. Defendants responded: "Objection. See objection to Interrogatory #14." Id.; see also Doc. #103-6 at 11. The Court **GRANTS, in part**, plaintiff's motion to compel as to Request 19. As previously ordered in connection with Request 7, see Section III.d., supra, on or before September 15, 2017, defendants shall permit plaintiff to inspect any hand-held video recordings identified in response to Interrogatory 14.

**m. Request 20**

Request 20 seeks: "Any and all electronic, photographic or video recording from each and every camera identified in response to Interrogatory #17, for the operative time period and locations identified in the complaint." Doc. #88 at 10. Defendants responded: "Objection. See objection to Interrogatory #17. In addition, this request is overly broad." Id.; see also Doc. #103-6 at 11. Defendants have clarified that they

> object to this request as being overly broad because it is not limited to the incidents when the defendants allegedly ordered the plaintiff to remove his "privacy sheet," and instead seeks all recordings from cameras spanning several years. Notwithstanding this objection, the defendants did not identify any cameras in response to interrogatory number 17.

Doc. #103-6 at 11.

The Court **DENIES, as moot,** plaintiff's motion to compel as
to Request 20 for the reasons it denied plaintiff's motion to
compel as to Interrogatory 17, see Section II.g., supra, and
defendants' representation that "there are no saved video
recordings from the stationary cameras in the plaintiff's unit
on the days of the alleged incidents[.]" Doc. #103 at 12.

**n. Request 22**

Request 22 seeks: "Any and all handouts, postings, videos,
contracts, notices, agreements, warnings or Administrative
Directives identified in response to Interrogatory #19, to
include the location or manner of each disclosure to the inmate
population." Doc. #88 at 11. Defendants responded: "Objection.
See objection to Interrogatory #19. Additionally, this request
is overly vague." Id.; see also Doc. #103-6 at 12.

The Court **DENIES, as moot,** plaintiff's motion to compel as
to Request 22 for the reasons it denied plaintiff's motion to
compel as to Interrogatory 19, see Section II.h., supra, and
based on defendants' representation that "Defendant Warden
Chapdelaine produced PREA materials to the plaintiff, including
the MWCI inmate handbook (previously provided), the PREA inmate
housing poster, the PREA video acknowledgement form, the PREA
stencil, and the PREA video 'What you need to know' (defendants
would permit plaintiff to view video at his request)." Doc. #103
at 17.

**o. Request 23**

Request 23 seeks: "Any and all photographic or video camera footage identified in response to Interrogatory #21." Doc. #88 at 11. Defendants responded: "Objection. See objection to Interrogatory #21. Additionally, this request is unduly burdensome." Id.; see also Doc. #103-6 at 12.

The Court **GRANTS, in part**, plaintiff's motion to compel as to Request 23, for the reasons it granted, in part, plaintiff's motion to compel as to Interrogatory 21. See Section II.i., supra. However, rather than order defendants to produce copies of the photographs and hand-held video recordings identified in Interrogatory 21, on or before September 15, 2017, defendants shall permit plaintiff to inspect the photographs and recordings identified in Interrogatory 21.

Therefore, for the reasons stated above, the Court **GRANTS, in part, and DENIES, in part**, plaintiff's Motion to Compel Production [**Doc. #88**].

**IV. Plaintiff's Motion to Expand Discovery [Doc. #75]**

Also pending before the Court is plaintiff's "Motion to Expand Discovery to Allow Greater Number of Interrogatories." [Doc. #75]. Plaintiff's written motion requests permission to serve an additional 25 interrogatories on defendants. See Doc. #75 at 1. At the March 20, 2017, discovery status conference, plaintiff clarified that he seeks to serve an additional 22

interrogatories solely on defendant Warden Chapdelaine. See Doc. #85 at 3; see also Doc. #83. Defendants have not filed a response to plaintiff's motion.

Federal Rule of Civil Procedure 33 governs the number and scope of interrogatories. "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1). Rule 26(b)(2) requires that a Court

> limit the frequency or extent of discovery ... if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2). Rule 26(b)(1) provides, in pertinent part, that discovery must be "relevant to any party's claim or defendant and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

Plaintiff proffers that he requires more than 25 interrogatories because he is "an indigent inmate" and "is unable to conduct depositions in an attempt to perfect discovery." Doc. #75 at 1. At the direction of Judge Thompson, on March 9, 2017, plaintiff filed his proposed second

54

interrogatories directed to defendant Warden Chapdelaine. [Doc. #83].

The Court has reviewed plaintiff's proposed interrogatories and in large part the proposed interrogatories do not comport with the requirements of Rule 26(b)(1) and (b)(2). Most seek irrelevant information, call for speculation, and/or are duplicative of interrogatories previously propounded. Additionally, the Court notes that plaintiff has had ample opportunity to obtain the information he now seeks to obtain from defendant Warden Chapdelaine. Plaintiff chose to serve identical interrogatories on each of the defendants in this matter. He could have tailored each set of interrogatories to each specific defendant, but did not do so.

Regardless, the Court will permit plaintiff to serve defendant Warden Chapdelaine with an additional six specified interrogatories. Plaintiff may serve defendant Warden Chapdelaine with the interrogatories numbered 1, 2, 3, 11, 12, and 13 in his submission. See Doc. #83. Plaintiff shall serve his second set of interrogatories on defendant Warden Chapdelaine on or before August 25, 2017. Defendant Chapdelaine shall respond to these second interrogatories in accordance with the Federal Rules of Civil Procedure.

Thus, for the reasons stated, the Court **GRANTS, in part,** and **DENIES, in part,** plaintiff's Motion to Expand Discovery [**Doc. #75**].

**CONCLUSION**

Accordingly, for the reasons articulated above, the Court: **GRANTS, in part, and denies in part,** plaintiff's Motion to Compel Production [**Doc. #88**]; **GRANTS, in part, and DENIES, in part,** plaintiff's Motion to Compel Responses to Plaintiff's Interrogatories [**Doc. #89**]; **GRANTS, in part, and DENIES, in part,** plaintiff's Motion to Expand Discovery [**Doc. #75**]; and **DENIES** plaintiff's Motion to Renew and For Oral Argument [**Doc. #105**].

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut this 11th day of August 2017.

_____/s/_____
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
